# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SUZANNE M. STANTON § | |
| § | Civil Action No. 4:18-CV-405 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| CLAY HEIBERG, ET AL. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 25, 2019, the report of the Magistrate Judge (Dkt. #56) was entered containing proposed findings of fact and recommendations that Defendant Collin County's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #18) and Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #20) each be granted. Having received the report of the Magistrate Judge, having considered Plaintiff Suzanne M. Stanton's construed Objections (Dkt. #59), Defendants' Responses (Dkts. #60; #61), and Plaintiff's Replies (Dkts. #62, #63; #64), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

The underlying facts of this case have been set forth previously (*see* Dkt. #56); as such, the Court sets forth only those facts pertinent to Plaintiff's Objections. Plaintiff filed the instant law suit on June 11, 2018 (Dkt. #1). In her Complaint, Plaintiff posits that "[t]his is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Sixth and Fourteenth Amendments to the United States Constitution, and under the laws of the State of Texas, against defendants Clay Heiberg, and Ocwen Loan Servicing, LLC, in their

individual and corporate capacities and against the County of Collin, Texas and John Does 1–20" (Dkt. #1 at p. 2). As to Defendants Heiberg and Collin County, Plaintiff contends that:

> [D]efendant Clay Heiberg ("Defendant Heiberg"), as part of an illegal and fraudulent scheme engineered with employees of Collin County, Texas, illegally and fraudulently caused Plaintiffs lawful husband, Gregory L. Collins ("Decedent"), who was diagnosed as being terminally ill, to be spirited out of the State of Texas to Tennessee where Heiberg used fraudulent powers of attorney to file a fraudulent Last Will and Testament to open a Tennessee estate for the Decedent with Heiberg as executor thereof, after which Heiberg illegally and wrongfully seized and wasted all the assets of the estate of the Decedent.
>
> By wrongfully spiriting the Decedent out of the State of Texas to Tennessee, and thereafter depriving the Decedent of critically-needed medical care and treatment, Defendant Heiberg wrongfully accelerated the rate of the Decedent s physical deterioration with the result that the Decedent died much sooner than when Decedent otherwise would have died, assuming the Decedent had been allowed continue to receive the care specified in Decedent's Texas medical treatment plan without Heiberg's interference.

(Dkt. #1 at pp. 2–3). Regarding Defendant Ocwen, Plaintiff asserts that "[Defendant Ocwen] has conspired with and aided and abetted Defendant Heiberg by entering into a false, fraudulent 'settlement' agreement with Defendant Heiberg in Heiberg's fraudulent capacity as 'executor' for the Decedent, whereby Defendant Ocwen attempted to wrongfully foreclose upon and seize real property belonging to the Estate of the Decedent, thereby wrongfully depriving Plaintiff" (Dkt. #1 at p. 6).

On September 12, 2018, Defendant Collin County filed its Motion to Dismiss asserting that Plaintiff's claims failed as Collin County does not control probate proceedings, any request for monetary damages or injunctive relief under 42 U.S.C. § 1983 must fail because Plaintiff does not identify any official policy or custom which caused her to be deprived of a federally protected right, and further that a governmental entity cannot be held vicariously liable under 42 U.S.C. § 1983 for purported unconstitutional acts committed by its employees (Dkt. #18 at pp.7–9). On September 17, 2018, Defendant Ocwen filed its Motion to Dismiss alleging that Plaintiff's claims

fail under 42 U.S.C. §§ 1983 and 1988 because Ocwen is not a state actor subject to liability under those statutes (Dkt. #20 at pp. 3–6). On July 25, 2019, the Magistrate Judge entered a report, recommending that Defendant Collin County's and Defendant Ocwen's Motions to Dismiss each be granted and Plaintiff's claims against all Defendants, including Defendant Heiberg, be dismissed with prejudice, and, to the extent Plaintiff asserts Tennessee state law claims for wrongful death and/or fraud, such state law claims should be dismissed without prejudice (Dkt. #56 at p. 13). On August 7, 2019, Plaintiff filed a document entitled "Answer to Judge Nowak's Recommendation and Report Filed 7-25-19" (Dkt. #59), which the Court construes as objections to the report. Therein, Plaintiff asserts that "[t]his case should not be dismissed. Collin County is responsible for the wrongful death of my husband as you will see in the facts presented to you" (Dkt. #59 at p. 1). Defendants Ocwen and Collin County filed responses to Plaintiff's construed objections on August 22, 2019 (Dkts. #60; #61) and Plaintiff filed replies thereafter (Dkts. #62; #63; #64).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Objections to a report must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (explaining that if the party fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.). In other words, a party objecting to a magistrate judge's report must specifically identify those findings to which he or she objects. Moreover, the District Court need not consider frivolous, conclusory, or general objections.

*Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Plaintiff does not specify in her objections those findings in the report to which she objects; rather, Plaintiff merely broadly asserts that "[t]his case should not be dismissed" based on the factual allegations presented in her filing (Dkt. #59 at p. 1). In response to Plaintiff's broad assertion, Defendant Ocwen states:

> [A] fundamental part of Plaintiff's claims against Ocwen is that Ocwen must be a "state actor" for purposes of §§ 1983 and 1988. Plaintiff's Response failed to address this essential element of her claim and dismissal is appropriate. *Her objections provide no reason for t his Court to disturb the findings of the Magistrate in her Report. Her Objections are a narrative of Mr. Collins's illness, his treatments, probate issues, and his unfortunate passing.* Yet they provide no reason, nor was one shown in her Response, that refutes Ocwen's contention that it was not a state actor for 42 U.S.C. § 1983 purposes.

(Dkt. #60 at p. 3) (emphasis added). Defendant Collin County similarly concurs that "Plaintiff's 'Objections' do not appear to address, let alone rebut, the ground(s) found by the Magistrate Judge for recommending the dismissal of Collin County" (Dkt. #61 at p. 2).

Upon review of Plaintiff's objections and subsequent replies, the Court agrees with Defendants. The Court is unable to discern any specific objection to any of the findings or conclusions of the Magistrate Judge amongst Plaintiff's filings. Plaintiff's general plea to the Court to not dismiss her case need not be considered, and Plaintiff articulates no other cogent argument or objection. Indeed, the only statement culled from Plaintiff's filings even potentially directed at a conclusion in the report is a bald assertion that Defendant Ocwen is a state actor (Dkts. #62 at p. 1; #64 at p. 26). Such statement is not enough to state a reasonable basis for Plaintiff's claims or to identify the basis for any objection to the finding. Plaintiff provides no basis to disturb the findings of the Magistrate Judge. *Nettles*, 677 F.2d at 410, n.8 ("Parties filing objections must

4

*specifically identify* those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court.") (emphasis added).

As indicated in the report:

> Plaintiff has failed to allege that Ocwen is and/or was a state actor or was engaged in state action. Plaintiff alleges that Defendant Ocwen, at Defendant Heiberg's behest, "attempted to wrongfully foreclose upon the Property." Such allegations do not demonstrate Ocwen is a state actor or engaged in state action.
>
> ***
>
> "In *Priester v. Lowndes Cty.*, 354 F.3d 414 (5th Cir. 2004), *cert. denied*, 543 U.S. 829 (2004), the Fifth Circuit explained that '[f]or a private citizen. . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors.'" *Wise v. Wilmoth*, 3:16-CV-1039-M-BH, 2017 WL 3267924, at *9 (N.D. Tex. July 3, 2017), *report and recommendation adopted*, 3:16-CV-1039-M, 2017 WL 3267727 (N.D. Tex. July 31, 2017) (citing *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989)). "The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Id.* (citing *Priester*, 354 F.3d at 420). "Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Id.* (citing *Priester*, 354 F.3d at 420) (citing *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986))).

(Dkt. #56 at pp. 7–9). Plaintiff's § 1983 claims against Defendant Heiberg are identical to those asserted against Defendant Ocwen. Likewise, Plaintiff's assertions that Defendant Collin County violated her civil rights cannot succeed (*see* Dkt. #64 at p. 29):

> To allege Collin County's liability under § 1983, Plaintiff must assert that: (1) a policy or custom existed; (2) the policymakers actually or constructively knew of its existence; (3) a constitutional violation occurred; and (4) the custom or policy served as the moving force behind the violation…. Plaintiff must describe Collin County's policy or custom and its relationship to the underlying constitutional violation with specific facts…. In the instant case, Plaintiff makes a singular, conclusory allegation that Plaintiff's civil rights were violated "as a result of the policies and customs of Collin County, Texas" [Dkt. 1 at 9]. Plaintiff's Complaint makes no mention of any specific Collin County policy, whether formally adopted or arising from custom, that caused any alleged injury to Plaintiff. Absent such allegations, Plaintiff has failed to state a § 1983 claim against Collin County.

(Dkt. #56 at pp. 10-11) (internal citations and quotations omitted). Plaintiff's objections do not address, or otherwise rectify, any of the deficiencies noted by the report. Accordingly, Plaintiff's objections are overruled.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #59), all other relevant filings, and having conducted a de novo review, the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #56) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendant Collin County's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #18) and Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #20) are each **GRANTED**. Plaintiff's claims against all Defendants under §§ 1983 and 1988 are hereby **DISMISSED WITH PREJUDICE**. To the extent Plaintiff asserted Tennessee state law claims for wrongful death and/or fraud, such claims should be **DISMISSED WITHOUT PREJUDICE**.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.
 **SIGNED this 20th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE